```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | | |
|---|---|---|
| CARLOS HUGO VALDEZ,<br>TDCJ-CID NO. 1254215,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-09-0595 |

## MEMORANDUM OPINION AND ORDER

Carlos Hugo Valdez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), brings this 42 U.S.C. § 1983 action against the Social Security Commissioner alleging that he has been wrongly denied disability benefits. Valdez, who has a history of filing frivolous prisoner complaints, has also filed an Application to Proceed In Forma Pauperis. The pauper's application will be denied, and Valdez's civil rights complaint will be dismissed as barred by the three strikes rule of 28 U.S.C. § 1915(g).

Valdez asserts that he is a federal informant. He has done this before in two prior civil rights cases. See Valdez v. Medina, No. H-07-1667 (S.D. Tex. May 25, 2007) (dismissed as frivolous); Valdez v. Irving Police Department, No. H-08-1139 (S.D. Tex.

Apr. 23, 2008) (dismissed as duplicative and malicious). In the current action Valdez alleges that he is medically unassigned and is entitled to Supplemental Security Income.

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has on three or more prior occasions filed a prisoner action in federal court that was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Valdez has filed numerous prisoner civil rights complaints in the federal district courts of Texas, three of which were dismissed as either frivolous or malicious in the Southern District of Texas. Valdez v. Medina, No. H-07-1667; Valdez v. Irving Police Department, No. H-08-1139; Valdez v. Fred Loya Insurance, No. H-08-2353 (S.D. Tex. Aug. 26, 2008).

The facts asserted in Valdez's complaint do not indicate that he is in any immediate danger, which would warrant waiver of the fee requirement, and he cannot proceed as a pauper in this action. Choyce v. Dominguez, 160 F.3d 1068, 1070-71 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Accordingly, his Application to Proceed In Forma Pauperis will be denied, and his civil rights complaint will be dismissed as barred under 28 U.S.C. § 1915(g).

## Conclusion

The court **ORDERS** the following:

1. Plaintiff's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1), is **DISMISSED without prejudice** because the plaintiff has a history of filing frivolous complaints. 28 U.S.C. § 1915(g).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also provide a copy of this Memorandum Opinion and Order to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Pro Se Staff Attorney.

**SIGNED** at Houston, Texas, on this 4th day of March, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE